LEWIS RAY DAVIS, Appellant,

*v.*

YALE & TOWNE, INC., Appellee.

423 S.W.2d 862.

(*Nashville*, December Term, 1966.)

Opinion filed November 17, 1967.

Richard A. Jones, Nashville, for appellant.

W. T. Goodall, Jr., Gallatin, for appellee.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal from a decision of the Chancery Court of Sumner County, dismissing the workmen's compensation petition of the employee. The employee, appellant Lewis Ray Davis, will be hereinafter referred to by his status in the lower court, as petitioner; and the employer, appellee Yale & Towne, Inc., as the defendant.

The original petition was filed on December 10, 1965. The defendant answered and the case was heard on oral

20

testimony on June 15, 1966. The Chancellor took the matter under advisement. Four months later, he rendered an opinion dismissing the petition for compensation benefits. A motion for new trial was filed, argued, and overruled; and an appeal timely perfected to this Court.

The petitioner, thirty-seven years of age at the time of trial, began work for the defendant in October of 1964. He first worked in the buffing area of the finishing department of defendant's plant, and remained there until he was laid off on February 15, 1965. When called back to work in early March, 1965, he was placed in the plating area of the finishing department. This job required the petitioner to work over vats which emitted fumes from detergents, sulphuric acid, chrome and other metal solubles. Petitioner was not able to go to work on Monday, May 31, 1965, because of a severe cough, chest congestion, and fever. He remained sick at home until June 18, 1965, and spent the next week in the hospital. On June 25, 1965, he was permitted to go home, but was forced to return to the hospital the next day. He was then found to be suffering from a collapsed lung. This condition was treated and the petitioner was kept on a schedule of restricted activity until October 4, 1965, when he was released to return to work.

It is factually significant that for a substantial time prior to coming to work for the defendant, the petitioner had numerous medical problems. The record is clear that, throughout his life, the petitioner was very slightly built and physically frail. In June of 1964, four months before commencing work for the defendant, the petitioner was found by his doctor to have chronic bronchitis, chronic sinusitis, and possible early pulmonary emphysema. Two

months before commencing work for the defendant, he had spent three days in the hospital for an upper respiratory infection. Throughout the time of employment with the defendant, he continued to have upper respiratory problems.

The Chancellor, after extensively considering the medical testimony and full arguments of counsel, reached the conclusion that the petitioner was not entitled to compensation.

On this appeal, the petitioner assigns two errors. They are, as follows:

## I.

"The trial court erred in relying in its opinion on the case of *American Bridge Division, U. S. Steel Corp. v. McClung*, 206 Tenn. 317, 333 S.W.2d 557 (1960) to the effect that the aggravation of a pre-existing disease is not compensable. (Tr. 11-13)

This is true because the McClung case was in this regards specifically overruled in the case of *Brooks v. Gilman Paint Co.*, 208 Tenn. 595, 347 S.W.2d 665 (1961).

## II.

The trial court erred in concluding that Petitioner's only lung trouble was a condition known as emphysema. (Tr.12)

This was error since there were other medical findings in the record which did not pre-exist the employment at Yale & Towne and therefore, even by the trial court's own standard (which Petitioner maintains is erroneous) would constitute a compensable condition."

Preliminarily, it is pertinent to note that the rights and liabilities of the parties to this cause are embodied in the

alternate plan regarding compensation for occupational diseases set forth in T.C.A. sec. 50-1103. That section provided for broader coverage than the standard occupational disease coverage enacted in T.C.A. sec. 50-1101, where the compensable occupational diseases are specified by name. Nevertheless, the requirements of a compensable case of occupational disease are distinctly and unambiguously specified in T.C.A. sec. 50-1101: and are controlling. The instant case revolves about the interpretation to be given subsection (6) of that section, which provides, as to compensable disease, that:

"it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence, though it need not have been foreseen or expected before its contraction."

If interpretation be needed at all, it is found in the opinion of this Court in the case of *Brooks v. Gilman Paint Co.* (1961) 208 Tenn. 595, 347 S.W.2d 665. That case recognizes that under sub-section (6) of T.C.A. sec. 50-1101, when an occupational disease arising out of and in the course of employment, is superimposed on and exacerbates a prior condition, resulting in disability, a compensable case is shown. As sometimes otherwise stated, when the employee contracts an occupational disease, having its origin and arising out of the employment, and that occupational disease results in an aggravation, acceleration or exacerbation of the pre-existing condition or disease, the employer is liable. It is clear, then, that unless the language of T.C.A. sec. 50-1101 is to be distorted, the occupational disease which has resulted in disability, by itself, or by exacerbation of a pre-existing condition, must have "had its origin in a risk connected

with the employment'' and ''flowed from that source as a natural consequence.''

■ We have nothing but admiration for this petitioner's determination to carry on the appointed tasks of life in the face of adversity. Yet, this Court has no right to extend to him the benefits of the Workmen's Compensation statutes if the Legislature has not done so.

■ The petitioner's insistence here simply cannot be reconciled with what has been previously said and applied to the facts of this record. In the brief of petitioner, it is insisted that the record would support a finding that he contracted occupational diseases after commencement of employment with the defendant. The finding of the court below is to the contrary. With the latter, we are compelled to agree.

The result is that the judgment of the trial court is affirmed. The costs of this case are assessed against the appellant.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.

### On Petition to Rehear

MR. JUSTICE CRESON.

A petition to rehear has been filed in this cause. It is notable for only two things. First, is a splenetic misconstruction of the Court's original opinion. The second is an entire failure to comply with the rules of this Court pertaining to petitions to rehear.

The petition is denied.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.