Georgia Lucille GREGG,
Plaintiff-Appellant,

v.

J.H. KELLMAN COMPANY, INC.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Dec. 6, 1982.

Roger E. Jenne, Cleveland, for plaintiff-appellant.

Mayo L. Mashburn, Cleveland, for defendant-appellee.

OPINION

BROCK, Justice.

In this worker's compensation case the plaintiff appeals from the decree of the Chancellor denying her claim for worker's compensation benefits and holding that the disease of hypertension from which she suffers and which causes her disability did not arise out of and in the course of her employment and, thus, was not an occupational disease entitling her to relief.

It is well settled that the scope of review by this Court of cases of this kind is limited to ascertaining whether or not any material evidence supports the findings of the trial court; if there is any material evidence in the record to support the trial court's findings those findings must be affirmed even if, in our opinion, the evidence may be considered to preponderate against those findings. *Davis v. Gulf Ins. Group,* Tenn., 546 S.W.2d 583 (1977).

It is the plaintiff's theory in this case that the strain and stress of her work as a supervisor in the defendant's plant caused or aggravated her condition of hypertension which resulted in her disability. The record contains the testimony of two medical experts, Dr. Maurice S. Goldman, Jr. and Dr. William Arnold, Jr. The testimony of these medical experts supports the conclusion of the trial court that plaintiff's

hypertension was not caused by her employment with the defendant but was contracted by her prior to that employment and in all probability was the result of heredity. The testimony of these two physicians shows that the stress brought about by plaintiff's work environment probably aggravated her hypertension to some degree. As we said in *American Ins. Co. v. Ison,* Tenn., 519 S.W.2d 778 (1975) there can be no recovery for aggravation of an alleged "occupational disease" which pre-existed the employee's current employment. *See also, New Jersey Zinc Co. v. Cole,* Tenn., 532 S.W.2d 246 (1975). The reason for this is that T.C.A., § 50–1101, which governs compensability of occupational diseases in this state requires, as one of the conditions of compensability, that the disease "originated from a risk connected with the employment and flowed from that source as a natural consequence, though it need not have been foreseen or expected prior to its contraction; ..." *See, Davis v. Yale & Towne, Inc.,* 221 Tenn. 18, 423 S.W.2d 862 (1967). But, on the other hand, if an employee is found to have a compensable occupational disease the disability flowing from that disease is fully compensable including any aggravation, acceleration or exacerbation of a pre-existing condition or disease caused by the occupational disease. *Brooks v. Gilman Paint Co.,* 208 Tenn. 595, 347 S.W.2d 665 (1961); *Davis v. Yale & Towne, Inc., supra; Wormsley v. Consolidation Coal Co.,* 408 F.2d 85 (6th Cir.1969).

We find ample support in the record for the conclusion of the Chancellor that the plaintiff's condition of hypertension did not arise out of and in the course of her employment and is not a compensable occupational disease. Moreover, the alleged aggravation of her hypertension by the stress of her employment is not compensable under the authorities above cited. Therefore, we affirm the decree of the Chancellor in all respects and assess the costs incident to this appeal against the appellant and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.