**FILED**

**January 25, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:00 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Yarbrough | ) | Docket No. 2015-08-0574 |
| | ) | |
| v. | ) | State File No. 48061-2015 |
| | ) | |
| Protective Services Company, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Jim Umsted, Judge | ) | |

_____

**Affirmed and Remanded—Filed January 25, 2016**
_____

In this interlocutory appeal, the employee alleges an injury to his shoulder stemming from his duties as a flooring installer. The employer initially provided authorized medical treatment but ultimately denied the claim due to lack of proper notice and its belief that a recommended surgery was causally related to a pre-existing condition. The employee sought an order compelling medical and disability benefits prior to trial and asked for a determination of the issues based on the record. The employer requested an evidentiary hearing. The trial court granted the employer's request and ordered that a hearing be set. The employee has appealed, asserting that the trial court erred by ordering a hearing rather than resolving the issues based on the record alone. The employer responded by filing a motion to dismiss the appeal. We hold that this appeal is properly before us and that the trial court acted within its discretion in electing to conduct an evidentiary hearing before deciding whether to award benefits.

Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Andrew Clarke, Memphis, Tennessee, for the employee-appellant, James Yarbrough.

1

Devin Williams, Mt. Juliet, Tennessee, for the employer-appellee, Protective Services Company, Inc.

## Factual and Procedural Background

James Yarbrough ("Employee"), a resident of Shelby County, Tennessee, was employed as a flooring installer by Protective Services Company, Inc. ("Employer"). On April 16, 2015, Employee alleges suffering an injury to his right shoulder when he hit his shoulder on a cabinet door while moving appliances at an apartment for Employer. According to Employee, he informed his supervisor the following morning that he had injured his shoulder. However, Employer denies that it was aware Employee claimed to have suffered a work-related injury until approximately two months after the incident occurred.

Employee sought treatment with his primary care physician on May 1, 2015.[1] He was eventually provided with a panel of physicians and began receiving authorized care from Dr. Riley Jones who recommended surgery. Employer provided authorized medical treatment until October 8, 2015, at which time it denied further benefits on the basis that the recommended treatment was due to a pre-existing condition not causally related to the work accident.

Thereafter, Employee filed a petition asking the trial court to award medical and disability benefits prior to trial based on the record alone. Employer responded by filing a motion for an evidentiary hearing. The trial court sent an email to the parties stating the court believed the matter should be set for a hearing. Thereafter, the court appropriately entered an order directing that the case be set for a hearing. *See Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *11 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015) ("It is well-settled that a trial court speaks through its written orders."). The trial court explained in its order that there were multiple legal issues in the case, including notice and causation, that material facts were disputed, and that the court needed additional information to determine whether Employee was likely to prevail at a hearing on the merits. Employee has appealed this order.

Employee asserts that Employer's request for an evidentiary hearing is an "obvious delay tactic" and argues that the trial court had "absolutely no basis" to order a hearing. According to Employee, Employer had "no factual, medical, or legal basis to deny the surgery recommended by Dr. Jones." Employee also asserts that to "allow [the trial court] and [Employer] to delay this claim any further would run afoul of the remedial nature" of the workers' compensation laws.

---

[1] Employee's affidavit filed with his request for an expedited hearing incorrectly lists the date as May 1, 2016.

Employer responded by filing a motion to dismiss Employee's appeal. As grounds for its motion, Employer argues that the trial court has not resolved the Employee's Request for Expedited Hearing and thus any appeal is premature. In addition, Employer asserts that an appeal of the trial court's order setting the case for a hearing is in the nature of an appeal by permission under Rule 9 of the Tennessee Rules of Appellate Procedure, which was not requested by Employee. Finally, in support of the trial court's decision that a hearing is warranted, Employer filed the affidavits of four employees of Employer.[2]

Employee responds that he followed proper procedure in filing his appeal and reiterates his argument that a determination of benefits should be conducted on the record. The Clerk received the record on January 13, 2016.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A) Violate constitutional or statutory provisions;
(B) Exceed the statutory authority of the workers' compensation judge;
(C) Do not comply with lawful procedure;
(D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E) Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

---

[2] Employee has filed a motion asking that we not consider three of the four affidavits filed by Employer on appeal because this information was not made available to the trial judge. As we have observed before, "[e]valuating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, Employee's motion is granted, and we decline to consider all four of the affidavits filed by Employer, not just the three identified by Employee.

## Analysis

### A.

*Subject Matter Jurisdiction*

This case presents an important issue of first impression regarding the jurisdiction of this Board, namely, whether we may review an interlocutory order other than one granting or denying medical or disability benefits. Based upon our review of the applicable statutes, we conclude that the scope of appellate review is not so narrow as to insulate from review pre-trial orders that do not directly address medical or disability benefits.

It is well-established that questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it . . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963). Thus, the parties cannot confer subject matter jurisdiction on a court by "appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). In the absence of subject matter jurisdiction, orders entered by a court are invalid and unenforceable. *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000).

Mindful of these principles, we turn to the pertinent statutes. The 2013 Workers' Compensation Reform Act fundamentally altered the manner in which cases involving work-related injuries are resolved, such as divesting the state's traditional trial courts of jurisdiction and creating new courts to resolve workers' compensation disputes. The Reform Act also introduced less visible, but no less important, changes to the law. One of those changes was to make pre-trial interlocutory orders appealable as of right. *See* Tenn. Code Ann. § 50-6-217(a)(1) (2015). Prior law permitted a party aggrieved by an interlocutory order to seek a discretionary appeal under Rules 9 and 10 of the Rules of Appellate Procedure, but it was up to the appellate court to determine whether to grant review. By contrast, current law provides no mechanism for an appeal to this Board other than an appeal as of right. Thus, provided an appeal is properly perfected, we are compelled by statutory mandate to resolve the appeal.

At issue in the present case is whether an interlocutory order that does not specifically address disability or medical benefits is a type of order that may be appealed. Stated differently, does this Board have the authority to review interlocutory orders that do not grant or deny disability or medical benefits? The answer to this important

4

question can be found in the plain language of Tennessee Code Annotated section 50-6-217(a)(1).  That statute expressly vests this Board with the authority to "review interlocutory and final orders entered by workers' compensation judges."  The statute contains no language either limiting the type of order a party may appeal, so long as the order is "interlocutory" or "final," or purporting to limit the authority of this Board to resolve only certain types of appeals involving interlocutory and final orders.

In contrast to the broad grant of authority in section 50-6-217(a)(1), other parts of the statute address appeals of certain types of orders.  Specifically, section 50-6-217(a)(2) describes the manner in which an order "for temporary disability or medical benefits or an order either awarding permanent disability or medical benefits or denying a claim for permanent disability or medical benefits" may be appealed to this Board.  That subsection differentiates between review of interlocutory orders in section 50-6-217(a)(2)(A) and the review of compensation orders in section 50-6-217(a)(2)(B) within the context of the types of orders described in section 50-6-217(a)(2).  None of these statutory provisions contains language that precludes appellate review of other types of orders as contemplated in section 50-6-217(a)(1).[3]

Words in a statute must be given their plain and ordinary meaning in light of the context in which they are used.  *Shore v. Maple Lane Farms*, *LLC*, 411 S.W.3d 405, 420 (Tenn. 2013).  Moreover, courts must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose.  *Id.*  Applying these principles to section 50-6-217, we conclude that a party may appeal to this Board an interlocutory order other than one granting or denying medical or disability benefits.  *See* Tenn. Comp. R. & Regs. 0800-02-22-.01 (2015) ("Any party may appeal *any* order of a workers' compensation judge by filing a notice of appeal.") (emphasis added).  Accepting Employer's position that orders like the one involved here are beyond the purview of appellate review would require us to read a limitation into section 50-6-217(a)(1) that is not there.  This we cannot do.  *See Keen v. State,* 398 S.W.3d 594, 604 (Tenn. 2012*)* ("The Court will decline to 'read in' language into [a] statute that the General Assembly did not place there.").

---

[3] Tenn. Comp. R. & Regs. 0800-02-21-.02(16) (2015) defines an interlocutory order as one that "awards or denies temporary disability or medical benefits following a review of the submitted material, or a hearing if one is convened."  This definition is consistent with the way in which the term "interlocutory order" is used in section 50-6-217(a)(2)(A), but it does not address the broader grant of authority to hear appeals of other types of interlocutory orders as expressed in Tennessee Code Annotated section 50-6-217(a)(1) and Tenn. Comp. R. & Regs. 0800-02-22-.01 (2015).  In considering the plain and ordinary meaning of the language at issue, we note that an interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits."  Black's Law Dictionary 815 (6th ed. 1990).

We emphasize that today's decision should not be viewed as license to appeal pre-trial orders merely because that option exists. As our Supreme Court has observed many times, parties should not be required to endure the hassle and expense of baseless litigation. *See, e.g.*, *Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 50 n.4 (Tenn. 2004). Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success. *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). Indeed, appellate courts, including this one, are empowered to award damages against parties whose appeals are frivolous or brought solely for delay.[4] A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding, *Davis*, 546 S.W.2d at 586.

Although we are mindful that care should be taken to avoid discouraging legitimate appeals, we are also aware that "appellate courts should not be timid about imposing penalties for frivolous appeals when there is raised no legitimate factual or legal issue." *Ferrell v. APAC-Tennessee, Inc.*, No. M1999-02260-WC-R3-CV, 2000 Tenn. LEXIS 722, at *9 (Tenn. Workers' Comp. Panel Dec. 1, 2000). Any other approach would be inconsistent with the legislature's mandate that the workers' compensation system be administered in an "equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). Thus, "[w]here there is no reasonable basis for appeal, penalties should be vigorously applied by the appellate court if the legislative intent is to be given life." *Ferrell*, 2000 Tenn. LEXIS 722, at *9-10.

*Rules of Appellate Procedure*

Before leaving this issue, we must address Employer's argument that Employee failed to follow "controlling procedural rules" by securing the trial court's permission as a prerequisite for appealing. Employer relies upon Rule 9 of the Tennessee Rules of Appellate Procedure, which requires a party seeking to appeal an interlocutory order to obtain the permission of both the trial and appellate courts. Tenn. R. App. P. 9(a).

By their own terms, the Tennessee Rules of Appellate Procedure apply to proceedings before the Supreme Court, Court of Appeals, and Court of Criminal Appeals. Tenn. R. App. P. 1 ("These rules shall govern procedure in proceedings before the

---

[4] Tenn. Code Ann. § 27-1-122 ("When it appears to any reviewing court that the appeal . . . was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal."); Tenn. Code Ann. § 50-6-225(d)-(e) ("When a reviewing court determines . . . that the appeal . . . is frivolous, a penalty may be assessed by the court, without remand, against the appellant for a liquidated amount."); Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015) ("When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party or of its own motion, award expenses, including reasonable attorney's fees, incurred by the appellee as a result of the appeal.").

Supreme Court, Court of Appeals, and Court of Criminal Appeals."). Thus, these rules, while instructive, do not control the appellate process before this Board. Moreover, as explained above, under the statutory scheme currently in place, appeals to this Board are of right, and there is no statutory or other provision that requires a party to secure the trial court's permission before appealing to this Board. Consequently, we reject Employer's argument that Employee's appeal must fail because he did not first obtain the trial court's permission.

B.

*Setting the Case for a Hearing*

Having decided that this appeal is properly before us, we turn to Employee's contention that the trial court erred in ordering a hearing instead of deciding the issues based on the papers alone. As noted above, the trial court ruled that a hearing was warranted because notice and causation were issues needing to be resolved, that material facts were in dispute, and that more information was required to determine if benefits should commence prior to trial.

Employee maintains that the trial court's decision to set the case for a hearing has "absolutely no basis in law or fact" and, "unbelievably, despite [Employer's] obvious delay tactic," the trial court declined to rule based solely on the record. According to Employee, the trial court's ruling is a "travesty of justice" because it runs afoul of the remedial purpose of the workers' compensation statutes. We disagree.

An important feature of the Reform Act was to make clear that an employee can request that the Court of Workers' Compensation Claims order the commencement of disability or medical benefits prior to trial. Specifically, Tennessee Code Annotated section 50-6-239(d)(1) (2015) provides that, if requested, disputes concerning temporary disability benefits and/or medical benefits may be heard, at the judge's discretion, on an expedited basis, after which the judge will enter an interlocutory order concerning an injured worker's entitlement to benefits. In addition, "the judge shall have discretion to either set the matter for a hearing or enter an interlocutory order based on a review of the file upon determining that no additional information is needed." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(c) (2015).

When an employee requests an award of benefits prior to trial, the trial judge has the authority to "issue an interlocutory order either awarding or denying temporary disability or medical benefits based on a review of the documents submitted and without convening a formal hearing." Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2015). *See also* Tenn. Code Ann. § 50-6-239(d)(2) ("A workers' compensation judge is not required to hold a full evidentiary hearing before issuing an interlocutory order for temporary disability or medical benefits."). However, the judge also has the "discretion to convene

7

a hearing of a motion for temporary disability or medical benefits if the judge determines that convening a hearing is necessary to determine the issues presented." Tenn. Comp. R. & Regs. 0800-02-21-.02(13) (2015). Indeed, the judge has the discretion to conduct an evidentiary hearing even if both parties agree to submit the dispute for a determination on the record. Tenn. Comp. R. & Regs. 0800-02-21-.14(2)(a) (2015).

These statutory and regulatory provisions leave no doubt that a determination regarding benefits prior to trial may be conducted on the record or in person at the judge's discretion. As noted above, the general assembly has expressed its intent that the workers' compensation system be administered in an "equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A) (2014). *See also* Tenn. Comp. R. & Regs. 0800-02-21-.01 (2015) (The rules governing hearing procedures are intended to "provide for an efficient and expedient resolution of issues within the jurisdiction of the [Bureau]."). A judge's discretion whether to hold a hearing is an important component of effectuating the intent of the general assembly as reflected in this statute. As such, absent an abuse of discretion or a clear violation of the other criteria found in section 50-6-217(a)(3), the trial court's decision will not be disturbed on appeal.

It is well-established that the "abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court 'applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party.'" *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (citations omitted). In reviewing a trial court's exercise of discretion, we presume that the trial court's decision is correct and review the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). "[W]e will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Johnson v. Walmart*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *17 (Tenn. Workers' Comp. App. Bd. July 2, 2015). That said, discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

In ordering a hearing, the trial court reasoned that there were multiple unresolved issues in the case, including notice and causation, that material facts were disputed, and that the court needed additional information to determine whether Employee was likely to prevail at a hearing on the merits. We have no difficulty concluding that the trial court did not abuse its discretion in setting the case to be heard instead of making a decision based on the record alone.

*Remedial Application of the Law*

Before concluding, we must address Employee's contention that the trial court's decision should be overturned because it is inconsistent with a remedial application of the law. Employee's position is that the workers' compensation statutes are remedial in nature designed to provide timely benefits to an injured worker and that the trial court's decision represents a "travesty of justice" by not fulfilling this purpose.

Prior to the Reform Act, Tennessee courts interpreted and applied the workers' compensation statutes liberally in favor of employees. *Crew v. First Source Furniture Grp.*, 259 S.W.3d 656, 664 (Tenn. 2008). The practical effect of this approach was that employees received the benefit of the doubt in close cases. However, for injuries occurring on or after July 1, 2014, courts may no longer apply a liberal or remedial interpretation of the workers' compensation statutes, but must apply the law "fairly, impartially, and in accordance with basic principles of statutory construction." Tenn. Code Ann. § 50-6-116 (2015). Also, the legislature has made it clear that the workers' compensation statutes "shall not be construed in a manner favoring either the employee or the employer." *Id.* Thus, Employee's argument that the trial court's decision should be reversed because it is inconsistent with a remedial application of the law has been put to rest by the Reform Act.

**Conclusion**

For the foregoing reasons, we hold that this appeal is properly before us. Accordingly, Employer's motion to dismiss the appeal is denied. We further find that the trial court did not abuse its discretion in setting Employee's request for benefits for a hearing. The trial court's decision is affirmed and the case is remanded.

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board

**FILED**

**January 25, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Yarbrough | ) | Docket No. 2015-08-0574 |
| | ) | |
| v. | ) | |
| | ) | State File No. 48061-2015 |
| Protective Services Co., Inc. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 25th day of January, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Andrew C. Clarke | | | | | X | aclarke@accfirm.com |
| Devin Williams | | | | | X | devin.williams@petersonwhite.com |
| Jim Umsted, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov