James C. DAVIS, Appellant,

v.

GULF INSURANCE GROUP et al., Appellees.

Supreme Court of Tennessee,
Eastern Division.

Feb. 14, 1977.

584

J. Troy Wolfe, Jr., Herbert A. Thornbury, Chattanooga, for appellant.

E. Blake Moore, Chattanooga, for appellees.

## OPINION

HENRY, Justice.

This is an appeal from a decision dismissing appellant's workmen's compensation action against his employer and the employer's insurance carrier. We affirm the Chancellor's decision in all respects. In addition, we remand for a hearing to determine expenses incurred by the appellees in defending this appeal, including court costs and reasonable attorneys' fees. On its own motion this Court orders these expenses to

be assessed against appellant as damages for a frivolous appeal under § 27–124, T.C.A.

## I

Appellant James Davis, a tractor-trailer driver, alleges that on May 14, 1973, while stopped at a Knoxville truck stop, he injured his back in pulling a lever to move the tandem axle on his trailer. Davis says that on suffering the injury he returned to his Chattanooga home and visited his family physician. The following day Davis alleges he attempted to again begin his haul but was forced by the pain of his injury to stop driving and leave the truck at the Knoxville truck stop. Although the truck was stolen from the truck stop, Davis continued hauling for his employer, making three long distance trips in the next four weeks, including hauls to Oklahoma and El Paso, Texas. In mid-June, Davis was fired by his employer. Testimony showed and the Chancellor found that on June 19, 1973, Davis notified his employer of the injury allegedly suffered on May 14. This notification was made after the 30 day period in which such a claim must be filed under § 50–1001, T.C.A. In a discovery deposition Davis said he had been unable to work since the accident, although at trial he admitted working full time for at least two different employers since the accident. Davis further admitted at trial that he had told one employer that he had never filed a workmen's compensation claim nor suffered a back injury.

The Chancellor dismissed the action because Davis had "failed to carry the burden of proof." He found "plaintiff's explanation of the events surrounding the alleged occurrence [of the injury] not entirely plausible" and his testimony "impeached on the record."

On appeal Davis urges two errors: first, that the Chancellor erred in finding that notice was given to the defendant employer on June 19. Davis argues that if notice had been given on June 19, defendant employer would not have accepted the claim because it would have been made more than 30 days

after the injury. Appellant Davis points out that defendant admits in its answer accepting the claim. Appellant cites no other evidence, however, that might show notice was given on any other date. Secondly, Davis argues that the Chancellor erred in holding that he failed to carry the burden of proof.

This Court has repeatedly pointed out that on factual issues in workmen's compensation appeals it is concerned solely with whether any material evidence supports the findings below. Dozens of Tennessee cases, many of them recent, support this proposition. Thus this Court cannot itself find facts or evaluate the credibility of witnesses. *Inscore v. Pet Milk Co.,* 192 Tenn. 593, 241 S.W.2d 581 (1951); *W. S. Dickey Mfg. Co. v. Moore,* 208 Tenn. 576, 347 S.W.2d 493 (1961); *Rice Bottling Co. v. Humphreys,* 213 Tenn. 8, 372 S.W.2d 170 (1963); *Cassell Bros., Inc. v. Cole,* 519 S.W.2d 796 (Tenn.1975) (and other cases cited therein.) And we do not reweigh the evidence; in fact, even if the evidence preponderates against the findings below, the decision will be upheld so long as any material evidence supports it. *Lynch v. La Rue Canning Co.,* 198 Tenn. 101, 278 S.W.2d 85 (1954); *Morrison & Bituminous Cas. Corp. v. James,* 201 Tenn. 243, 298 S.W.2d 714 (1957); *London & Lancashire Indemnity Co. of America v. Starcher,* 202 Tenn. 278, 304 S.W.2d 87 (1957); *Stubblefield v. Hot Mix Paving Co.,* 215 Tenn. 16, 383 S.W.2d 44 (1964); *Reedy v. Mid-State Baptist Hosp.,* 210 Tenn. 398, 359 S.W.2d 822 (1962); *Strader v. United Family Life Ins. Co.,* 218 Tenn. 411, 403 S.W.2d 765 (1966).

In light of this settled law, appellant's contentions are obviously without merit. First, the Chancellor's finding that notice was given to the employer on June 19 is clearly supported by material evidence, including the trial testimony of several of defendant employer's witnesses. Appellant's attack on this finding, on the other hand, is based not on any conflicting testimony, but merely on an inference drawn from defendant's answer. Moreover, because the Chancellor's decision is not based

on the issue of notice, any error in fixing the date of notice would be harmless.

■ Appellant's second assignment of error, that the Chancellor erred in finding appellant failed to carry the burden of proof, is plainly not for this Court to decide. If the Chancellor found Davis's story unbelievable and "impeached on the record" and his case therefore not proved, this Court will not disturb that finding.

Furthermore, after a careful examination of the record, we find no error that appellant might have raised on appeal. Davis's appeal is therefore dismissed as meritless.

## II

The appeal in this case goes beyond mere meritlessness, however. It has no reasonable chance of success, for reversal of the decision would require revolutionary changes in fundamental standards of appellate review. This Court would have to decide that, contrary to all previous cases, it can judge both the credibility of witnesses and the weight of the evidence. Such changes would in effect institute *de novo* review on the record—a standard of review this Court has explicitly rejected. *Lee v. Aluminum Co.,* 184 Tenn. 287, 198 S.W.2d 639 (1947); *Tidwell v. F. W. Woolworth Co.,* 185 Tenn. 110, 203 S.W.2d 375 (1947); *Atlas Powder Co. v. Leister,* 197 Tenn. 491, 274 S.W.2d 364 (1954). There is no basis for believing that such revolutionary changes might take place and, as previously noted, dozens of Tennessee cases support the present standards of review in workmen's compensation appeals.

In light of these decisions, this appeal is recognizable on its face as devoid of merit. It presents no justiciable questions—neither debatable questions of law nor findings of fact not clearly supported. It is difficult to believe that such an appeal could serve any purpose other than harassment. It is equally difficult to believe that counsel could honestly believe in its merits, especially when the record shows appellant's veracity as a witness to be thoroughly impeached. In the words of Abraham Lincoln this appeal is "as thin as the boiled shadow of a homeopathic pigeon."

■ Successful litigants should not have to bear the expense and vexation of groundless appeals. Nor should this Court, which is becoming increasingly burdened by direct appeals, be saddled with such cases. And we have warned that workmen's compensation suits are particularly susceptible to this abuse: "The calendar of this Court is clogged with workmen's compensation cases. In many instances the appeals are wholly frivolous." *Bishop Baking Co., Inc. v. Forgey,* 538 S.W.2d 602, 604 (Tenn.1976). *See also, Employers Ins. Co. of Alabama v. Heath,* 536 S.W.2d 341 (Tenn.1976). The Tennessee Legislature obviously intended the frivolous appeals statute, § 27–124, T.C.A., to discourage such appeals and to redress the harm to harassed appellees.

■ While this Court recognizes that § 27–124, T.C.A. must be interpreted and applied strictly so as not to discourage legitimate appeals, this case is so lacking in justiciable issues that we have no difficulty finding it frivolous within the meaning of the statute. On remand, therefore, the Chancellor will tax appellant with court costs and all of appellees' expenses, including attorneys' fees, reasonably incident to this appeal.

Affirmed and remanded for further proceedings consistent with this opinion.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concurring.