**Robert B. PATTERSON,
Plaintiff-Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPA-
NY, Defendant-Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Feb. 14, 1983.

David J. Poss, H. Calvin Walter, Knox-
ville, of counsel, for plaintiff-appellant.

W. Morris Kizer, Frantz, McConnell &
Seymour, Knoxville, of counsel, for defend-
ant-appellee.

OPINION

BROCK, Justice.

The plaintiff brought this action seeking
worker's compensation benefits, asserting
that he was permanently and totally dis-
abled and that his disability arose out of
and in the course of his employment as a
bulldozer operator in strip mining opera-
tions of C.L. & C. Coal Company whose
liability was insured by the defendant, The
Travelers Insurance Company. Plaintiff
claimed that in the course of his employ-
ment in strip mining for a period of about
30 years he breathed coal dust and silica
which caused him to suffer from silicosis
and coal miners' pneumoconiosis. Plaintiff
relies upon the so called "fifteen year pre-
sumption" set out in 30 U.S.C.A. § 921(c)(4)
as follows:

> "(4) If a miner was employed for fifteen
> years or more in one or more under-
> ground coal mines, and if there is a chest
> roentgenogram submitted in connection
> with such miner's (or beneficiary's) . . .
> claim under this subchapter and it is in-
> terpreted as negative with respect to the
> requirements of paragraph (3) of this
> subsection, and if other evidence demon-
> strates the existence of a totally disabling
> respiratory or pulmonary impairment,
> then there shall be a rebuttable presump-
> tion that such miner is totally disabled
> due to pneumoconiosis, that his death was
> due to pneumoconiosis, or that at the
> time of his death he was totally disabled
> by pneumoconiosis. . . . The Secretary
> may rebut such presumption only by es-
> tablishing that (A) such miner does not,
> or did not, have pneumoconiosis or that
> (B) his respiratory or pulmonary impair-
> ment did not arise out of or in the con-
> nection with, employment in a coal
> mine."

Elsewhere in this statute, pneumoconiosis is
defined as

> " . . . a chronic dust disease of the lung
> and its sequelae, including respiratory

and pulmonary impairments, arising out of coal mine employment."

30 U.S.C.A. § 902(b).

■ We have held that it was the intent of the legislature to "adopt the federal law concerning coal workers' pneumoconiosis as the law in Tennessee" by its enactment of T.C.A., § 50–1102. *Moore v. Old Republic Ins. Co.*, Tenn., 512 S.W.2d 564, 567 (1974).

> "The presumptions, criteria and standards of 'the federal act, and such portions of the federal regulations as pertain thereto, have become as much a part of our Workmen's Compensation Law as if they had been enacted, in their entirety, by the General Assembly.' *Blankenship v. Old Republic Insurance Co.*, 539 S.W.2d 23, 26 (Tenn.1976)."

*Gibson v. Consolidation Coal Co.*, Tenn., 588 S.W.2d 290, 292 (1979).

But, the scope and standard of review remain those traditionally applied in other worker's compensation cases. *Gibson v. Consolidation Coal Co., supra*, at 292.

After a hearing on the merits, the Chancellor denied the claim and dismissed the complaint, finding:

> "The convincing weight of the expert testimony is that plaintiff does not have disabling coal miners' pneumoconiosis, but that his condition is the result of other causes, and it is so found."

■ This Court must affirm that finding by the Chancellor if there be any material evidence to support it; we are not empowered to find facts nor to evaluate the credibility of witnesses. *Davis v. Gulf Ins. Group*, Tenn., 546 S.W.2d 583 (1977). We find such supporting evidence in the testimony of Dr. Arnold R. Hudson, Jr., and Dr. Henry P. Pendergrass. Moreover, we find that the testimony of Dr. Sheldon E. Domm, called as a witness by the plaintiff, does not support plaintiff's claim.

Dr. Hudson examined the plaintiff and made x-rays of his chest. His testimony was that the plaintiff does not suffer from coal miner's pneumoconiosis or from silicosis. The x-rays taken by Dr. Hudson were reviewed by Dr. Pendergrass, a renowned expert in the field, and he testified that plaintiff does not suffer from coal miner's pneumoconiosis nor from silicosis. Both of these physicians testified that such lung and breathing disability as the plaintiff does have is probably a result of his cigarette smoking for a period of 20 years, and is not due to the inhalation of coal dust or other dusts encountered by the plaintiff in his work. Dr. Domm, the plaintiff's treating physician, testified that he was "unable to say to a reasonable degree of medical certainty that [the pulmonary fibrosis shown on an x-ray of the plaintiff's chest] is silicosis or coal worker's pneumoconiosis."

Moreover, Dr. Hudson testified that in his opinion the plaintiff's exposure to his work environment in strip mining was not a significant factor in connection with his breathing difficulty. Dr. Pendergrass testified that

> "It would be extremely unlikely that the change I see here [referring to an x-ray of plaintiff's chest] would be secondary to his occupation as a miner, either underground or above."

It is our conclusion that the expert testimony, just discussed, supports the finding of the Chancellor that the plaintiff does not suffer from coal miner's pneumoconiosis or silicosis; we must, therefore, affirm the judgment of the trial court.

The judgment of the trial court is affirmed and costs are taxed against the appellant and surety.

FONES, C.J., HARBISON and COOPER, JJ., and PARROTT, Special Justice, concur.