# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 11, 2004 Session

## ROSE CONSTRUCTION COMPANY, INC. v. RAINTREE DEVELOPMENT COMPANY, LLC

### Direct Appeal from the Chancery Court for Shelby County
### No. 110162-1    Walter L. Evans, Chancellor

### No. W2003-01845-COA-R3-CV - Filed November 16, 2004

This is the second appeal of this case. In June 1999, an arbitration panel determined Rose Construction was entitled to damages under the parties' contract. The trial court vacated the arbitration award. On appeal, this Court reversed and confirmed the arbitration award in its entirety. The Tennessee Supreme Court denied Raintree Development's application for permission to appeal, issued a mandate, and remanded the case to the trial court for entry of judgment. The trial court entered judgment for Rose Construction as ordered by this Court. Raintree Development again appeals. We affirm. We also hold this appeal frivolous and award Rose Construction damages for a frivolous appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., ALAN and E. HIGHERS, J., joined.

Larry E. Parrish and Robert P. Campbell, Jr., Memphis, Tennessee, for the appellant, Raintree Development Company, LLC.

J. Houston Gordon and Michael I. Less, Covington, Tennessee, for the appellee, Rose Construction Company, Inc.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Tennessee Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

This is the second appeal of this protracted arbitration case. The factual background giving rise to this appeal is addressed in *Rose Construction Co. v. Raintree Development Co.*, No. W2000-01388-COA-R3-CV, 2001 WL 1683746 (Tenn. Ct. App. Dec. 31, 2001) *perm. app. denied* (Tenn. Oct. 7, 2002), and does not need to be reiterated here. In June 1999, an arbitration panel expressly determined Raintree Development Company ("Raintree") had acted in bad faith. *Rose Constr.*, 2001 WL 168746, at *5. It further determined that Rose Construction Company, Inc. ("Rose") was entitled to a net award of $974,000, plus interest. *Id.* at * 2.

In March 2000, the trial court vacated the entire arbitration award. *Id.* In its memorandum, the trial court stated "[t]he award of attorney fees under the Prompt Pay Act by the arbitrators constituted more than a mere error in construing the prevailing law, but was a complete failure to apply the law or the contract." *Id.* Rose appealed and in December 2001, this Court reversed. This Court held, "[t]he arbitration award must be confirmed in its entirety, and the cause is remanded for this purpose." *Id.* at *6. We denied Raintree's petition to rehear in January 2002. In October 2002, the Tennessee Supreme Court denied Raintree's application for permission to appeal. It also denied Raintree's motion to stay the mandate to permit appeal to the United States Supreme Court. The Tennessee Supreme Court issued its mandate in November 2002, remitting the cause to the trial court and signifying the end of the case.

Rose moved for entry of the judgment in November 2002. In December 2002, Raintree filed for bankruptcy. The bankruptcy stay was lifted in November 2003. On May 15, 2003, the trial court entered judgment for Rose in conformance with the order of this Court and the mandate of the supreme court. Raintree filed a motion to alter or amend, which the trial court denied in June 2003. Raintree filed a timely notice of appeal to this Court. Rose filed a motion to dismiss the appeal, which we denied. Rose now seeks dismissal and sanctions for a frivolous appeal.

Raintree now presents the following issues, as we-restate them, for review by this Court:

(1)     Whether the trial court erred in not vacating the arbitration award because the issues in dispute were not subject to arbitration.

(2)     Is Raintree entitled, as a matter of right, to adjudication of questions pertaining to arbitrability?

(3)     Is Raintree entitled to adjudication of its counter-claims?

Rose raises the following additional issues:

(1)     Whether this matter was ended by the final decision and mandate of the supreme court.

(2)     Whether Raintree has exhausted or waived further appeals.

(3)     Whether this appeal is frivolous and is part of a pattern of abuse and delay.

We agree with Rose that this matter ended with the Tennessee Supreme Court's denial of Raintree's application for permission to appeal. This Court confirmed the arbitration award "*in its entirety*," the supreme court denied Raintree's application for permission to appeal, and there remained nothing to litigate. We accordingly affirm the judgment of the trial court.

We next turn to whether this appeal is frivolous. When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or on its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal. Tenn. Code Ann. § 27-1-122(2000). Courts construe this section of the Code strictly in an effort not to discourage legitimate appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn.1977). A frivolous appeal is one "devoid of merit" and which cannot reasonably succeed. *Id.* It is one completely "lacking in justiciable issues." *Id.*

We agree with Rose that this is a frivolous appeal. This Court's opinion of December 2001 unambiguously confirmed the arbitration award *in its entirety*. This holding was implicitly affirmed by the Tennessee Supreme Court when it denied Raintree's application for permission to appeal. Upon issuance of the supreme court's mandate and remand to the trial court for enforcement of the arbitration award, there remained nothing to litigate. We accordingly award Rose damages for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122. We award Rose damages in the amount equal to expenses and reasonable attorney's fees incurred by this appeal. We remand to the trial court for determination of such damages. Costs of this appeal are taxed to the Appellant, Raintree Development Company, LLC, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-3-