FILED

January 26, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:58 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Willis Ray Babb ) | Docket No.   2016-03-0095 |
| ) | |
| v. ) | State File No. 88593-2015 |
| ) | |
| House Hasson Hardware Company, et al.   ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Pamela B. Johnson, Judge ) | |

---

**Affirmed and Remanded - Filed January 26, 2017**

---

The employee in this interlocutory appeal suffered compensable injuries to his left foot, which he asserts resulted in an injury to his left knee.  The employer denied benefits for the alleged knee injury.  The trial court ordered the employer to provide a panel of physicians.  The employer has appealed.  The trial court's decision is affirmed and the case is remanded.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

D. Brett Burrow, Nashville, Tennessee, for the employer-appellant, House Hasson Hardware Company

Timothy A. Roberto, Knoxville, Tennessee, for the employee-appellee, Willis Ray Babb

**Memorandum Opinion[1]**

Willis Ray Babb ("Employee"), a truck driver for House Hasson Hardware Company ("Employer"), alleged that on October 12, 2015, a pallet jack carrying a heavy

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

1

load struck his left foot, breaking two toes.[2]  He reported the incident immediately and finished his delivery schedule.  Employee saw a physician the following day who recommended ice and rest, and Employee informed Employer he intended to take off the rest of the week to recover.  Employer accepted Employee's foot injury as compensable, and there is no dispute with respect to benefits for that injury.

Upon returning to work the following week, Employee experienced pain in his left knee.  He informed his supervisor that his knee was hurting, and both men speculated that the knee problem might be due to Employee's altered gait as a result of his foot injury.  No further action was taken with respect to Employee's knee, and he continued to work his shifts.

On December 30, 2015, Employee was making a delivery when he reported stepping up onto a pallet and feeling either a pop or buckling of his knee.  He indicated that it was then he realized something was wrong with his knee.  On January 9, 2016, Employee texted his supervisor to request that someone else make his deliveries as his knee "blew out" the previous evening and he needed to go to the doctor.  Upon further inquiry by Employer, Employee stated that he was at home and was getting up from the floor when he realized his left leg would not support his weight.

Employee discussed his knee complaints with his primary care physician, Dr. Brad Flaming, at appointments that had been previously scheduled for unrelated conditions.  Dr. Flaming recommended an MRI, which revealed a medial meniscal tear.  Employer denied the claim for the knee injury because the "complaints are not causally related to the compensable injuries sustained to" Employee's foot.[3]

The parties agreed to forego an evidentiary hearing, and the trial court ordered Employer to provide a panel of physicians for Employee's knee complaints "made reasonably necessary by the October 12, 2015 injury."  Employer has appealed, asserting that the trial court failed "to consider or at least reference all proof" in its decision and, therefore, the court's decision was not supported by the record.  Employer faults the trial court for failing to consider text messages between Employee and his supervisor, as well

---

[2] Employer's name appears variously in the record as House Hasson Hardware Company, Inc.; House-Hasson Hardware Company, Inc.; House-Hassan Hardware Company; House Hasson Acquisition Company; House Hassan Acquisition Company/Triple H Delivery; and House Hasson Acquisition Company/Triple H Delivery.  It is unclear which of these names and spellings correctly identifies Employer.  For the sake of consistency, we have identified Employer as it appears in the trial court's order being appealed.

[3] Employer's Notice of Denial, filed on April 4, 2016, references a right knee condition and a claim for injuries to Employee's right toes.  As Employee has made no claim for injuries to his right foot or leg, we assume Employer intended to reference the left foot and knee.

2

as the trial court's purported failure to consider "conflicting testimony by [Employee] in his deposition, recorded statement, and affidavit."

We find no merit in Employer's contentions. While the text message sent by Employee on January 9, 2016 indicates that he "blew out" his knee the previous night, at a time when he was not working, Employee's deposition testimony clarifies this statement. Employee had been experiencing knee complaints that he believed were related to the work accident on October 12, 2015 and, on the night of January 8, 2016, while getting up from the floor, his left knee became unable to bear his weight. Further, Employee described suffering a foot injury – two broken toes – such that the pain in his foot was the only pain he initially noticed. When he returned to work, he had a severe limp, and he attributed his more recently developed left knee pain to his altered gait, as did his supervisor.

The trial court thoroughly addressed the evidence and determined Employee presented sufficient proof to establish he will likely prevail at trial in establishing that his left knee complaints are causally related to the compensable left foot injury. We find nothing in the record to convince us otherwise. Nor is there any indication in the trial court's order to support Employer's contention that the court remedially or liberally construed the applicable law as prohibited by Tennessee Code Annotated section 50-6-116.

Finally, Employee asks that we find Employer's appeal to be frivolous or taken solely for delay and that sanctions be awarded in the form of attorney's fees. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015) ("When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party or of its own motion, award expenses, including reasonable attorney's fees, incurred by the appellee as a result of the appeal."). A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding, *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). While the issue is close, we are not convinced this appeal is frivolous.

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Nor does the trial court's decision violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.

**FILED**

**January 26, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

Time: 7:58 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Willis Ray Babb | ) | Docket No.  2016-03-0095 |
| | ) | |
| v. | ) | State File No.  88593-2015 |
| | ) | |
| House Hasson Hardware Company, et al. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Timothy Roberto | | | | | X | troberto@brownandroberto.com |
| Brett Burrow | | | | | X | bburrow@burrowlee.com |
| Pamela B. Johnson, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov