

FILED

March 7, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 1:00 P.M.

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Aliceia Hollis | ) | Docket No. 2016-03-0298 |
| | ) | |
| v. | ) | |
| | ) | State File No. 23307-2016 |
| Komyo America, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Lisa A. Lowe, Judge | ) | |

---

### Affirmed and Remanded – Filed March 7, 2017

---

In this interlocutory appeal, the employer asserts that the trial court erred in granting the employee's motion to delay the hearing on the employer's motion for summary judgment. Discerning no reversible error, we affirm the trial court's order and remand the case for further proceedings.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Gregory H. Fuller and Chris G. Rowe, Brentwood, Tennessee, for the employer-appellant, Komyo America

C. Edward Daniel, Knoxville, Tennessee, for the employee-appellee, Aliceia Hollis

### Factual and Procedural Background

Aliceia Hollis ("Employee"), a forty-six-year-old resident of Loudon County, Tennessee, worked for Komyo America ("Employer") as a material handler. She alleged that she injured her low back on January 18, 2016 when a stack of vehicle hoods tipped over and struck her back. Her supervisor testified that although he did not witness the accident, he approached Employee immediately after it had occurred, saw the vehicle hoods on the ground, and saw Employee holding her lower back. Her workers'

1

compensation claim was accepted as compensable and a panel of physicians was provided, from which she selected Dr. John Sanabria with Lakeway Urgent Care ("Lakeway").

Employee was seen at Lakeway on the date of the accident, but the record is unclear whether Dr. Sanabria examined her at that time.[1]  She complained of left lower back pain that she described as "shooting and burning."  She was diagnosed with a lumbar and pelvis sprain and was released to return to work with restrictions.  Employee returned to Lakeway on several more occasions.  In a February 19, 2016 report, a nurse practitioner noted Employee's subjective complaints of pain "down the back of the leg and into the big toe."  She underwent a lumbar MRI on March 2, 2016, which revealed a "broad-based left paracentral/intraforaminal disc protrusion" at L4-5 resulting in "minimal effacement" of the thecal sac and "mild posterior displacement of the traversing left L5 nerve root."  The only record indicating Dr. Sanabria's direct involvement in Employee's care is dated March 7, 2016, at which time Dr. Sanabria reviewed the MRI results.  He reiterated the diagnosis of a lumbar sprain and described it as "stable/improved."  He released her to return to work without restrictions and opined that her symptoms were not primarily caused by the work accident and were instead related to pre-existing, degenerative changes.  He placed her at maximum medical improvement on that date.

Thereafter, Employee sought treatment on her own from her primary care physician, Dr. Karmi Patel, who referred her to a neurosurgeon, Dr. Kent Sauter.  On April 8, 2016, Dr. Sauter diagnosed a left L4-5 disc herniation with radiculopathy.  He recommended surgery, which was performed on April 27, 2016.  He released her to return to work with restrictions on July 18, 2016.  There is no report from Dr. Sauter in the record placing her at maximum medical improvement following the surgery or offering any opinions concerning the cause of Employee's lumbar condition.

Employee filed a request for an expedited hearing on July 8, 2016.  In a November 28, 2016 interlocutory order, the trial court denied Employee's request for benefits, concluding that although Employee was a "credible witness," she had not offered sufficient expert medical evidence to support a finding that she was likely to prevail at a hearing on the merits in proving that her work accident was the primary cause of her lumbar condition.

Thereafter, Employer filed a motion for summary judgment, arguing that Employee could not establish as a matter of law that she was entitled to further workers' compensation benefits.  In response, Employee asserted that her current treating physician had not placed her at maximum medical improvement following surgery, that

---

[1] The January 19, 2016 record indicates that "E. Marks" discharged her and that the record was "signed off electronically by John Sanabria, M.D."

her physician's deposition had not yet been taken, and that Employer's motion was premature. Although Employee's pleading was titled "Employee's Response to Motion for Summary Judgment," the last paragraph moved for an order "providing additional time to respond to the Employer's Motion for Summary Judgment and all discovery and medical proof to be taken in this matter prior to having to respond to said Motion."[2]

Although a hearing had been set for January 11, 2017 to address Employer's motion for summary judgment, the trial court informed the parties that the motion for summary judgment would not be heard but that "Employee's motion to stay will be heard in its place." On January 30, 2017, the trial court issued an order granting Employee's motion and continuing the hearing on Employer's motion for summary judgment "in order [for Employee] to obtain Dr. Sauter's deposition testimony." Employer has appealed this order.

## Standard of Review

The standard of review we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). A trial court's decision to grant or deny a motion for continuance or a motion to stay proceedings is reviewed under an abuse of discretion standard. *See, e.g.*, *Gregory v. Safety Nat'l Cas. Corp.*, No. M2002-01374-WC-R3-CV, 2003 Tenn. LEXIS 486, at *9 (Tenn. Workers' Comp. Panel May 23, 2003) ("The granting or denial of a motion for continuance lies within the sound discretion of the court.").

---

[2] This pleading and its Certificate of Service were signed by Employee's counsel on December 14, 2016, but was not filed with the trial court until January 4, 2017. The record is unclear why there was a three week delay between the date the certificate of service was signed and the date the pleading was filed. Employer denied receiving this pleading prior to January 4, 2017.

**Analysis**

The sole issue in this appeal is whether the trial court abused its discretion in delaying a hearing on Employer's motion for summary judgment. Such a motion is governed by Tennessee Rule of Civil Procedure 56, which allows "a party against whom a claim . . . is asserted" to, "at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Tenn. R. Civ. P. 56.02. In addition, Rule 56.04 requires the moving party to serve its motion "at least thirty (30) days before the time fixed for the hearing," and it allows the non-moving party to "serve and file opposing affidavits not later than five days before the hearing." Tenn. R. Civ. P. 56.04.

However, the text of Rule 56 does not specify a time within which a trial court must conduct a hearing on a previously filed motion for summary judgment. Instead, in circumstances where the non-moving party shows it "cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or *may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had* or may make such other order as is just." Tenn. R. Civ. P. 56.07 (emphasis added). Such language is plain and unambiguous. It gives a trial court significant discretion to determine the appropriate time in the course of litigation to conduct a hearing on a party's motion for summary judgment.

We have previously concluded that a trial court can "exercise discretion in controlling the pace of litigation and in efficiently disposing of its cases." *Smith v. The Newman Group, LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sep. 21, 2015); *see also Valladares v. Transco Prods., Inc.*, Nos. 2015-01-0117 & 0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016) ("[A] trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management," but "such discretion is not without its limits."). On appeal, we will disturb such a decision only upon a showing that a trial judge "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused injustice to the party complaining." *Hubbard v. Sherman-Dixie Concrete Indus.*, No. E2010-02219-WC-R3-WC, 2011 Tenn. LEXIS 965, at *11 (Tenn. Workers' Comp. Panel Oct. 18, 2011) (quoting *State v. Farrell*, 277 S.W.3d 372, 378 (Tenn. 2009)).

In the present case, Employer filed its motion for summary judgment on December 9, 2016, and a hearing was set for January 11, 2017. Employee's counsel signed and served a response to the motion for summary judgment on December 14, 2016, moving for a delay in the hearing to allow Employee more time to conduct discovery and obtain expert medical proof. For reasons not clear in the record, this response and motion was not filed in the court or received by Employer until January 4, 2017. Nevertheless, the trial court granted the motion for more time "in order [for

4

Employee] to obtain Dr. Sauter's deposition testimony." Under the circumstances, we cannot conclude that the trial court's decision constituted an abuse of discretion.

Employer argues that "it has been severely prejudiced by the Court's refusal to address the merits of its properly filed and supported motion for summary judgment." Contrary to Employer's argument, the trial court has not refused to address the merits of Employer's motion, but has merely delayed its consideration of the merits of the motion to give Employee the opportunity to take a medical deposition. Such an action does not constitute a "refusal to address the merits," as Employer contends, but is instead an action that "control[s] the pace of litigation." *Valladares*, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26. Employer does not describe in any detail the nature of the alleged prejudice it has suffered as a result of the trial court's order. In essence, Employer's argument implies that once an employer elects to file a motion for summary judgment, a trial court is obligated to act on the motion without regard to the circumstances of the case, the course of discovery, the employee's medical status, or the occurrence of expert depositions. A litigant does not control the pace of litigation; it is the trial court's duty to monitor the course of discovery and schedule hearings as it deems appropriate and fair to all parties.

On the other hand, a non-moving party cannot be given an unfettered ability to delay a hearing on a dispositive motion until he or she believes the proof is sufficient to withstand the motion. Allowing a non-moving party to delay a hearing on a dispositive motion indefinitely would eviscerate the summary judgment process and render such motions meaningless. Thus, in setting hearings on pending motions, a trial court must balance the interests of both parties, give each side a reasonable and meaningful opportunity to prepare for the motion hearing, and set the hearing as expeditiously as it deems appropriate under the circumstances of the case.

Here, the trial court's action in delaying a hearing on Employer's motion for summary judgment to give Employee an opportunity to secure expert medical proof was not "against logic or reasoning" and did not constitute an abuse of discretion. We would note, however, that any such delay should not be indefinite, and the trial court should take care to set a hearing on Employer's dispositive motion within a reasonable time.

In her brief on appeal, Employee asks that we deem this appeal frivolous.[3] *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015) ("When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeal board may, either upon motion of a party or its own motion, award expenses, including reasonable attorneys' fees, incurred by the appellee as a result of the appeal.") A frivolous appeal is

---

[3] On March 1, 2017, Employee filed a Motion to Accept a Late Filed Brief and Employer filed objections to the motion. Upon due consideration, we grant the motion and consider Employee's brief in our disposition of this appeal. *See* App. Bd. Prac. & Proc. 1.2.

one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding, *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). While the issue is close, we are not convinced this appeal is frivolous.

## Conclusion

For the foregoing reasons, the decision of the trial court is affirmed and the case is remanded for further proceedings.

**FILED**

**March 7, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 1:00 P.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Aliceia Hollis | ) | Docket No. 2016-03-0298 |
| | ) | |
| v. | ) | State File No. 23307-2016 |
| | ) | |
| Komyo America, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of March, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| C. Edward Daniel | | | | | X | eddie@eddiedaniellaw.com |
| Gregory H. Fuller | | | | | X | ghfuller@mijs.com |
| Chris G. Rowe | | | | | X | cgrowe@mijs.com |
| Lisa A. Lowe, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov