

FILED

May 16, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 10:30 A.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jacquet McWherter | ) | Docket No.  2016-06-0523 |
| | ) | |
| v. | ) | State File No.  25019-2015 |
| | ) | |
| Centurion Products, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims, | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed and Remanded - Filed May 16, 2017

---

In this interlocutory appeal, the employee questions the trial court's denial of workers' compensation benefits for injuries he alleges he sustained when his right foot was run over by a forklift.  The employer disputed that the employee suffered an injury as he claimed and, following an expedited hearing, the trial court concluded the employee's version of events was not credible and denied his request for benefits.  The employee has appealed, and the employer has asserted the appeal is frivolous.  We affirm the trial court's decision denying benefits, find the appeal to be frivolous, and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Jacquet McWherter, Nashville, Tennessee, employee-appellant, pro se

Steven B. Morton, Nashville, Tennessee, for the employer-appellee, Centurion Products, Inc.

### Factual and Procedural Background

Jacquet McWherter ("Employee") alleges that on March 25, 2015, he suffered an injury to his right foot arising primarily out of his employment with Centurion Products, Inc. ("Employer").  Specifically, Employee alleges that a co-worker ran over his right foot with a "tow motor," causing pain and swelling and the need for ongoing medical

care.[1]  Employee reported the alleged incident and was immediately provided a panel of physicians, from which he selected Concentra Medical Center.  Gary Grona, Employer's safety manager, accompanied Employee to Concentra the same day.  Although Concentra was Employee's authorized medical provider, the records of Employee's March 25, 2015 visit were not entered into evidence.  We can surmise from the information contained in the record on appeal that Employee's examination revealed evidence of mild swelling, but no bruising.  Employee was advised to take Ibuprofen and to return to regular duty.  He continued to work for Employer until he was terminated approximately one month later on April 23, 2015.

The only medical note contained in the record on appeal pertinent to the alleged injury is a May 11, 2015 record from Southern Hills Medical Center.[2]  The note reflects that Employee presented with a foot injury, reporting that his foot was "ran [sic] over by a [forklift]."  The note further documented that he denied, among other things, experiencing an inability to bear weight, limited range of motion, or pain with walking.  Upon examination, the foot appeared normal, there was no deformity, the foot was non-tender, pulses were normal, and there was no compartment syndrome.  X-rays did not reveal any fracture or foreign body and evidenced well-maintained joint spaces, no significant soft tissue swelling, and a congenital medial sesamoid.  Employee was diagnosed with a foot sprain and was released to work with no restrictions.  However, he had been previously terminated by Employer.

Two Employer representatives submitted affidavits in which each stated he had observed Employee at work after the alleged injury on numerous occasions and that Employee displayed no indication he was hurt.  Employee was ultimately terminated for a series of safety and policy violations, including smoking in the breakroom, wearing his pants so low he tripped on them, and throwing a two-by-four piece of wood near a co-worker's head.

At Employee's request, the trial court conducted an expedited hearing, after which it concluded Employee was not a credible witness, noting Employee was "hesitant, evasive, defensive, and argumentative."  According to the trial court, Employee interrupted both defense counsel and witnesses and continually mumbled his responses during cross-examination, directing defense counsel to "move on" when he did not want

---

[1] We have not been provided with a transcript of the proceedings or statement of the evidence.  Thus, we have gleaned the facts from the trial court's order and the documents contained in the record on appeal.

[2] While Employer references numerous other medical records in its position statement to the trial court and its brief on appeal, none of those records are included in the record on appeal.  Employee submitted additional medical records on appeal.  "[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge."  *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

2

to answer. The trial court further noted that at "[o]ther times, his recalcitrant demeanor and unresponsiveness motivated defense counsel to move on voluntarily. Many of [Employee's] answers were unreasonable, such as claiming to see a tire track on his foot and forgetting facts inconvenient to his claim."

The trial court found the information admitted into evidence and the testimony given by other witnesses undermined Employee's allegation that a forklift ran over his foot. Ultimately, the trial court observed that it "[did] not find [Employee] to be a credible witness. In consideration of his lack of credible testimony, the credible testimony of his supervisors and the lack of any objective findings of injury, the Court holds [Employee] is unlikely to prevail at a hearing on the merits." Employee has appealed, asserting in the notice of appeal that he is "entitled to temporary disability and medical benefits." Employer contends that Employee's appeal is devoid of merit and frivolous.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

At an expedited hearing, the employee must show he or she is likely to prevail at a hearing on the merits, which is a lesser burden of proof than the preponderance of the evidence standard that applies at a compensation hearing. *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Employee in this case has provided no transcript or statement of the evidence and has articulated no argument on appeal describing how he contends the trial court erred. He has identified no issues for review, and he has failed to

point us to any rule, statute, or precedent supporting his contention that he is entitled to benefits.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for either party, we would essentially be acting as counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

Moreover, the trial court's findings with respect to Employee's lack of credibility are entitled to deference. As the Tennessee Supreme Court has observed, "[w]hen it comes to live, in-court witnesses, appellate courts should afford trial courts considerable deference when reviewing issues that hinge on the witnesses' credibility because trial courts are 'uniquely positioned to observe the demeanor and conduct of witnesses.'" *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (citation omitted).

While the absence of a transcript of the proceedings or statement of the evidence hampers our review, we note the trial court described troubling aspects of Employee's demeanor while testifying and in his behavior toward other witnesses. The trial court described discrepancies between the testimony of Employer's representatives and Employee, finding Employee's testimony to lack credibility. Lastly, the trial court considered the documentary evidence and noted that the medical records were devoid of any mention of the type of objective findings one could expect where a foot had been run over by a forklift, which Employer's representative testified weighed between seven and eight thousand pounds. Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). Thus, we find no merit in Employee's appeal.

Employer asks us to find this appeal frivolous. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2015) ("When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party

4

or its own motion, award expenses, including reasonable attorney's fees, incurred by the appellee as a result of the appeal."). A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). As in *Davis*, for the appeal presently before us to succeed, we would have to conclude that, "contrary to all previous cases, [we] can judge both the credibility of witnesses and the weight of the evidence. Such changes would in effect institute *de novo* review on the record -- a standard of review [that has been] explicitly rejected." *Id.* at 586. The appeal currently before us is "recognizable on its face as devoid of merit" as it "presents no justiciable questions" and the "record shows [the] appellant's veracity as a witness to be thoroughly impeached." *Id.*

We are mindful of the careful balance that must be struck. Our authority to find appeals frivolous "must be interpreted and applied strictly so as not to discourage legitimate appeals." *Id.* At the same time, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Id.* Here, the appeal is baseless, and the record on appeal is so inadequate that we conclude Employee's appeal is frivolous. However, we exercise our discretion, on this occasion, not to award expenses or attorney's fees to Employer for Employee's frivolous appeal of the expedited hearing order.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed. Additionally, we find the appeal to be frivolous, but decline to award expenses or attorney's fees to Employer at this time. The case is remanded for any further proceedings that may be necessary.

**FILED**

**May 16, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:30 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Jacquet McWherter | ) | Docket No.  2016-06-0523 |
| | ) | |
| v. | ) | State File No.  25019-2015 |
| | ) | |
| Centurion Products, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Jacquet McWherter** | | X | | | X | 215 Tanglewood Ct. Nashville, TN  37211 Fredjones182@gmail.com |
| **Stephen Morton** | | | | | X | Stephen.morton@mgclaw.com |
| **Joshua D. Baker, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov