IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 4, 2025

**ROBIN L. DUFFER v. MARC N. DUFFER**

**Appeal from the Chancery Court for Rutherford County**
**No. 18CV-739      B. Jo Atwood, Judge**

———————————————————

**No. M2025-00121-COA-R3-CV**

———————————————————

The present case is Husband's second appeal in relation to the parties' divorce. In the first appeal, this court modified the trial court's valuation of the marital residence but otherwise affirmed the trial court's judgment. Husband, subsequently, sought additional modifications of the judgment in relation to the marital residence, which the trial court denied. Husband appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and VALERIE L. SMITH, JJ., joined.

Robbie T. Beal and Shannon L. Crutcher, Franklin, Tennessee, for the appellant, Marc N. Duffer.

Anthony J. Cain, Murfreesboro, Tennessee, for the appellee, Robin L. Duffer.

**OPINION**

**I.**

In 2018, Robin L. Duffer ("Wife") filed for divorce from Marc N. Duffer ("Husband") after approximately seven years of marriage. Numerous issues prolonged the divorce proceedings. In January 2020, the court entered an order declaring the parties divorced, pursuant to their stipulation, and reserving issues related to the division of property and entry of a parenting plan for a later hearing. Trial on the remaining issues occurred more than a year later, in May 2021.

The proper classification of the residence as marital or separate property and its proper division, if it was determined to be marital property, were significant points of contestation. The trial court concluded that the residence had started as Husband's separate property but that it was transmuted into marital property. Regarding the valuation of the marital residence, the parties presented conflicting evidence. Husband presented the testimony of a licensed real estate appraiser who valued the property at $565,000 approximately one month after entry of the January 2020 divorce order. Wife testified that she believed the residence was worth $639,900 as of May 2021. The trial court averaged the two numbers to find that the value of the marital residence was $602,450.

The marital residence itself was encumbered by two mortgages, which the trial court concluded were marital debts. The trial court found that the first mortgage "reflect[ed] an outstanding principal balance of $331,003.44, a second principal balance of $22,723.34, escrow deficiency of $6,265.04 and as of May 7, 2021, an amount due of $8,843.57 consisting of the regular monthly payment of $2,411.87, fees and charges of $1,645.80 and overdue payments of $4,785.90." The second mortgage "reflect[ed] a principal balance of $100,108.41."

In dividing the marital estate, regarding the residence, the trial court ruled as follows:

> [T]he mar[it]al residence . . . shall be sold and shall be immediately placed for sale with Bobbi Bryant, a realtor with Bob Parks. The realtor shall be responsible for the listing, marketing, showing and selling of the property. The realtor shall determine the sales price for the property. The Wife and Husband shall cooperate fully with regard to showing the property and marketing the property for sale and shall execute any and all documents required by the realtor in the listing and sale of the property. The realtor shall have full access to come upon the property to stage and show the property. The Wife and Husband shall have seven (7) days, prior to the anticipated closing date of the sale of the property, to remove all personal property from the property. All costs incurred by the realtor in the sale of the property shall be deducted at closing. Any proceeds remaining after payment of the mortgages, all closing costs, commission and expenses incurred by the realtor, shall be divided equally between the Wife and the Husband. The attorney for the Wife, Bert McCarter, shall provide Bobbi Bryant with a copy of this Order and facilitate all matters in the listing and sale of the property.

Husband filed his first appeal. Therein, he raised multiple issues challenging the parenting plan and the trial court's decisions as to the marital residence. *Duffer v. Duffer*, No. M2021-00923-COA-R3-CV, 2024 WL 1007121, at *4 (Tenn. Ct. App. Mar. 8, 2024) (hereinafter *Duffer I*). Regarding the residence, he argued the trial court had erred in finding that the residence had been transmuted to marital property. However, even if this

court found no error in the classification, Husband contended that the trial court had used an improper valuation method that had resulted in too high a value for the residence. Utilizing his own valuation, Husband also asserted that he "should be allowed to retain the residence and purchase Wife's interest therein" rather than being required to sell the property as ordered.

In *Duffer I*, we affirmed the trial court's finding that the marital residence had been transmuted into marital property, but we concluded that the trial court had improperly valued the residence.[1] Regardless of this correction in valuation, this court concluded that Husband had waived the issue of whether he should have been able to purchase Wife's interest in the residence rather than being required to sell the residence. *Id.* at *5 n.2. The *Duffer I* court determined that Husband's appellate brief was deficient in failing to include the matter in his statement of the issues, failing to set forth an argument in support of this contention, and failing to cite to any legal authority in support of his position. *Id.*; *see Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012). Thus, we modified the trial court's order to reflect that the proper value of the marital residence was $565,000, and we affirmed the judgment as modified.

Following this court's decision in *Duffer I*, Husband sought further modification in the trial court. Husband filed a motion styled as a "motion to amend final judgment of divorce as required by opinion of the Court of Appeals and to determine Wife's interest in the marital residence." Therein, Husband asserted that Wife should be entitled not to 50% of the proceeds from the sale of the residence, but to only 50% "of the difference between the value of the marital residence at the time the parties were declared divorced ($565,000), and the amounts owed [on the mortgages] at the time of trial." Husband also asked the trial court to permit him "the opportunity to purchase Wife's interest in the marital residence in lieu of it being sold." He "request[ed] 90 days in which to refinance the marital residence in order to secure [Wife's] equitable interest." In his motion, Husband cited no legal authority in support of reopening the trial court's decisions as to distribution of the marital estate or in support of his requested amendments.

The trial court acknowledged that "the Final Judgment of Divorce is amended to reflect the value of the marital residence as $565,000.00 consistent with the Opinion of the Court of Appeals." It denied the "remaining portions of the Motion seeking determination of Wife's interest in the proceeds from the sale of the marital residence in light of the value at the time the parties were declared divorced and for Husband to have the ability to refinance in lieu of sell[ing] [the residence]."

---

[1] This court concluded that "the appropriate date for valuing the parties' property is the date a decree is entered declaring the parties divorced." *Duffer*, 2024 WL 1007121, at *6 (quoting *Dunlap v. Dunlap*, 996 S.W.2d 803, 817 (Tenn. Ct. App. 1998); *see* Tenn. Code Ann. § 36-4-121(b)(1)(A) (effective July 1, 2017 to Mar. 30, 2022). In the Duffers' case, the "only competent evidence of the property's value reasonably near the date the parties were declared divorced was Husband's valuation of $565,000." *Duffer*, 2024 WL 1007121, at *6.

Husband again appeals, raising one issue, which he phrases, "Whether, on remand, the trial court erred by not using the value of the marital residence as amended by [the Court of Appeals] to determine Wife's equitable interest in the proceeds from the sale thereof."

## II.

As noted above, in distributing the proceeds from the sale of the marital residence, the trial court provided that "[a]ny proceeds remaining after payment of the mortgages, all closing costs, commission and expenses incurred by the realtor, shall be divided equally between the Wife and the Husband."  Husband's argument in the second appeal, essentially, is that this was error and that what Wife receives should be capped at an amount based upon the valuation of the home in comparison to the outstanding obligations thereupon at the time of the divorce.  The effect of adopting Husband's position would be that Husband exclusively would receive the financial benefit of any increase in the value of the home since the time of the divorce as well as the benefit of any decrease in the outstanding obligations upon the marital home since the time of the divorce, rather than Husband and Wife dividing the proceeds.

Husband offers no legal authority in support of his argument.  "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Resp. of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010); *see also Reguli v. Anderson*, No. M2022-00705-COA-R3-CV, 2024 WL 1708347, at *11 (Tenn. Ct. App. Apr. 22, 2024), *perm. app. denied* (Tenn. Sept. 12, 2024) (noting the appellant "provides no authority to support her proposition . . . .  She has implicitly left the researching and exploration of this legal question entirely to this court; we decline the invitation and instead conclude that this argument is waived.").

Additionally, this court already affirmed in *Duffer I* that the marital residence itself — not a portion of the residence's value — is marital property. *Duffer*, 2024 WL 1007121, at *5.  Furthermore, this court in *Duffer I* concluded, as noted above, that Husband had waived the issue of whether he should be allowed to keep the marital property and instead purchase Wife's interest therein. *Id.* at *5 n.2.  Husband offers no explanation of the basis upon which to reopen the trial court's distribution of the marital estate or this court's ruling in *Duffer I*.

## III.

Wife argues that she should be awarded attorney's fees, costs, and expenses under Tennessee Code Annotated section 27-1-122 because Husband's appeal was frivolous and intended to delay. Tennessee Code Annotated section 27-1-122 provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or has "no reasonable chance of success," *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). "Whether to award damages due to a frivolous appeal is a discretionary decision by the appellate court." *White v. Hayes*, 715 S.W.3d 657, 672 (Tenn. Ct. App. 2024).

In the exercise of our discretion in this case, we conclude that an award of costs, expenses, and attorney's fees is warranted under Tennessee Code Annotated section 27-1-122. We reach this conclusion based upon the confluence of two aspects of Husband's appeal. One, Husband's appeal advances contentions that either were or should have been raised in *Duffer I*. He is, in essence, seeking to relitigate the first appeal. Two, Husband's briefing is woefully lacking in legal authority supporting his contention that the trial court committed reversible error. We conclude this appeal is frivolous, and we remand the case to the trial court for the determination of the proper award of attorney's fees, costs, and expenses incurred by Wife as a result of the appeal under Tennessee Code Annotated section 27-1-122.

IV.

For the aforementioned reasons, we affirm the judgment of the trial court. We remand for determining the appropriate award to Wife under Tennessee Code Annotated section 27-1-122. Costs of this appeal are taxed to the appellant, Marc N. Duffer, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE