FILED

August 11, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:00 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Winningham | ) | Docket No.   2017-04-0013 |
| | ) | |
| v. | ) | State File No. 97169-2016 |
| | ) | |
| Perdue Farms, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed and Remanded—Filed August 11, 2017

---

The employee, a worker at a chicken processing plant, alleged an injury to his left arm as a result of lifting bags of breading used in preparing the employer's product.  The authorized physician opined there was no work-related injury, and the employer denied the claim.  After an expedited hearing, the trial court found the employee had presented insufficient evidence of an injury arising primarily out of his employment and denied benefits.  The employee has appealed.  We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Robert Winningham, Algood, Tennessee, employee-appellant, pro se

Walter S. Fitzpatrick III, Cookeville, Tennessee, for the employer-appellee, Perdue Farms, Inc.

### Memorandum Opinion[1]

Robert Winningham ("Employee") alleges suffering injuries to his left arm as a result of lifting bags of breading in the course of his employment with Perdue Farms, Inc. ("Employer").  Employer provided a panel of physicians, and Employee chose Dr. Toney

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

Hudson from the panel. Dr. Hudson saw Employee on December 13, 2016, at which time he opined that Employee's condition was not work-related as there was "absolutely no history of an injury at work." In an affidavit dated April 24, 2017, Dr. Hudson stated that "[w]ithin a reasonable degree of medical certainty, [he] did not find any significant evidence of any medical injury, condition, or problem." He also stated that Employee's "left forearm discomfort does not primarily arise out of his employment activities at [Employer]. It is further [his] opinion . . . that the cause of [Employee's] left forearm discomfort does not more than 50% arise out of his employment." In a supplemental affidavit, Dr. Hudson indicated he had reviewed Employee's job description and that his opinion remained unchanged. After an expedited hearing, the trial court declined to award benefits. Employee has appealed.

Employee has provided no brief or argument on appeal setting out how he contends the trial court erred in deciding his case, and we decline to speculate as to the nature of his contentions on appeal. *Sneed v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her."). Furthermore, we have not been provided a statement of the evidence or transcript of the proceedings in the trial court. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's decision was supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible . . . was found or should have been found favorably to the appellee.").

A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), and has no reasonable chance of succeeding, *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). This is such an appeal. However, we exercise our discretion under Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2016) not to impose sanctions at this time.

The decision of the trial court is affirmed and the case is remanded for any further proceedings that may be necessary.

**FILED**

**August 11, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**Time: 8:00 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Robert Winningham | ) | Docket No.   2017-04-0013 |
| | ) | |
| v. | ) | State File No.  97169-2016 |
| | ) | |
| Perdue Farms, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Robert Winningham** | | | | | X | 228 Mirandy Road Cookeville, TN 38506 |
| **Walter S. "Pat" Fitzpatrick, III** | | | | | X | fitzlaw@mooreraderfitzpatrick.com |
| **Robert V. Durham, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov