FILED

November 17, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:56 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| David Michael Foust, Jr. | ) Docket No.  2017-03-0832 |
| | ) |
| v. | ) State File No. 54975-2017 |
| | ) |
| Pinnacle Delivery Service | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Remanded – Filed November 17, 2017

---

In this interlocutory appeal, the claimant asserted he injured his left knee while working as a delivery helper for the alleged employer.  The purported employer argued the claimant was an independent contractor and did not prove he suffered an injury arising primarily out of and in the course and scope of the employment.  Following an expedited hearing, the trial court determined the claimant came forward with sufficient evidence to show he would likely prevail at trial in proving the existence of an employment relationship, but he failed to come forward with sufficient evidence of the occurrence of an injury arising primarily out of and in the course and scope of his employment.  The court therefore denied benefits, and the claimant has appealed.  However, the claimant has not filed a transcript of the expedited hearing, a statement of the evidence, or a brief. We affirm the decision of the trial court, deem the appeal frivolous, and remand the case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Glen B. Rutherford, Knoxville, Tennessee, for the employee-appellant, David Michael Foust, Jr.

Pinnacle Delivery Services, Knoxville, Tennessee, pro se

**Memorandum Opinion[1]**

David Michael Foust, Jr. ("Claimant"), a forty-one-year-old resident of Knox County, Tennessee, worked as a delivery helper for Pinnacle Delivery Service ("Pinnacle"). Claimant alleged that on or about July 6, 2017, he was using a pallet jack to move a pallet of flooring materials up a steep driveway at a customer's residence in Knox County when he fell and injured his left knee.[2] Claimant sought medical treatment, but Pinnacle denied his claim for workers' compensation benefits. Moreover, Pinnacle asserted that it did not employ five or more persons and was not required to have workers' compensation insurance pursuant to Tennessee Code Annotated section 50-6-106(5) (2017).

During the expedited hearing, Pinnacle offered into evidence bills of lading indicating that Claimant was not making deliveries in Knox County on the date of the alleged accident or the following day. In addition, the co-worker who allegedly drove the delivery truck on the date of the injury denied that Claimant was ever injured while they were working together. In response, Claimant apparently testified that he may have been mistaken as to the date of injury and that it could have occurred on one of four other dates.[3]

Other than filing his notice of appeal, Claimant has not filed anything in support of his appeal. He provided neither a transcript of the expedited hearing nor a statement of the evidence. Moreover, he has not filed a brief or position statement explaining how he believes the trial court erred in denying his claim for temporary disability and/or medical benefits.

As we have noted in numerous prior cases, our ability to conduct meaningful appellate review is significantly hampered when an appellant fails to provide a transcript of the hearing or statement of the evidence, and fails to offer any substantive argument on appeal. *See, e.g.*, *Walton v. Averitt Express, Inc.*, No. 2015-08-0306, 2017 TN Wrk. Comp. App. Bd. LEXIS 37, at *3 (Tenn. Workers' Comp. App. Bd. June 2, 2017). Without a transcript or a statement of the evidence, we cannot know what evidence was presented to the trial court beyond the exhibits that were admitted into evidence and the

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] The parties have not provided a transcript of the expedited hearing or a statement of the evidence. As a result, we have gleaned the facts from pleadings, exhibits, and the trial court's expedited hearing order.

[3] A July 13, 2017 medical record from Cherokee Health Systems indicated Claimant complained of an injury at work "2 weeks ago," which does not correspond to any of the dates Claimant identified as a possible date of injury.

testimony as summarized in the trial court's order. *See Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Review of a trial court's decision is accompanied by a presumption that the factual findings are correct. Tenn. Code Ann. § 50-6-239(c)(7) (2017). Accordingly, "it is essential that the appellate court be provided with a transcript of the trial proceedings or a statement of the evidence." *Britt*, 2007 Tenn. App. LEXIS 38, at *7. *See also Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee."). As noted by the Tennessee Court of Appeals, "[a]n incomplete appellate record is fatal to an appeal on the facts." *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 Tenn. App. LEXIS 70, at *11 (Tenn. Ct. App. Feb. 1, 2007). Moreover, a reviewing court "must conclusively presume that the evidence presented supported the facts as found by the trial court." *Whitesell v. Moore*, No. M2011-02745-COA-R3-CV, 2012 Tenn. App. LEXIS 894, at *10 (Tenn. Ct. App. Dec. 21, 2012).

In the present case, Claimant has not filed a brief or position statement in support of his appeal and has offered no argument explaining how he believes the trial court erred in denying his claim, and we decline to do so for him. The trial court in this case concluded that Claimant had failed to present sufficient evidence to show he was likely to succeed at trial in proving he sustained an injury arising primarily out of and in the course and scope of his employment, as he was unable to identify a work injury "by time and place of occurrence." *See* Tenn. Code Ann. § 50-6-102(14)(A) (2017). Consistent with established Tennessee law as discussed above, we presume the trial court's decision on this issue is supported by the evidence.

Finally, we are compelled to address the frivolous nature of this appeal. A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding, *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977). Here, the record on appeal is so inadequate that we conclude Claimant's appeal is frivolous. However, we exercise our discretion, on this occasion, not to award expenses to Pinnacle for Claimant's frivolous appeal of the expedited hearing order. Therefore, the trial court's order is affirmed in all respects, and this case is remanded for any further proceedings that may be necessary.

**FILED**

**November 17, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:56 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| David Michael Foust, Jr. | ) | Docket No.   2017-03-0832 |
| | ) | |
| v. | ) | State File No.  54975-2017 |
| | ) | |
| Pinnacle Delivery Service | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of November, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Glen B. Rutherford | | | | | X | grutherford@knoxlawyers.com |
| Pinnacle Delivery Service, Self-Represented | | | | | X | g.dupes@pinnacledeliveryservice.com |
| Pamela B. Johnson, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov