IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 2, 2018 Session

## AMNON SHREIBMAN ET AL. v. FIRST CLASS CORPORATION ET AL.

Appeal from the Chancery Court for Davidson County
No. 16-415-III        Ellen Hobbs Lyle, Chancellor
_____

No. M2017-02289-COA-R3-CV
_____

A commercial landlord filed suit against its tenant and the guarantor of the lease. After obtaining a default judgment against the tenant, the landlord moved for partial summary judgment on the question of the guarantor's liability. The chancery court concluded that the guarantor was liable under the guaranty. And following a trial on damages, the court entered judgment against the tenant and the guarantor. The guarantor appeals solely on the issue of his personal liability, arguing that his guaranty was conditional. Because the guaranty was an absolute undertaking, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Kathy A. Leslie, Nashville, Tennessee, for the appellant, Emmett Harvell.

David P. Cañas, Nashville, Tennessee, for the appellees, Amnon Shreibman and Ruth Shreibman.

**OPINION**

**I.**

**A.**

In June 2014, First Class Corporation entered into a retail lease agreement with IX CW Bell Road, L.P. for space in a shopping center located in Antioch, Tennessee. Among other things, the lease required a guaranty of the tenant's obligations.

Specifically, paragraph 1.19 of the lease provided as follows: "Guarantor{s}: Contemporaneously with the execution and delivery of this Lease, Emmett Harvell and/or Sonya Shirley, the sole owners of Tenant, shall execute and deliver to landlord a Guaranty Agreement in the form attached hereto as Schedule 1:19."

On June 18, 2014, Emmett Harvell executed the guaranty agreement. Under the guaranty, Mr. Harvell agreed to "unconditionally guarant[ee] to Landlord the prompt payment when due of the rent, additional rent and other charges payable under the Lease and full and faithful performance and observance of any and all Covenants (including, without limitation, the indemnities contained in the Lease)."

In December 2015, IX CW Bell Road, L.P. transferred the shopping center to Amnon and Ruth Shreibman. IX CW Bell Road, L.P. also assigned to the Shreibmans the First Class lease and Mr. Harvell's guaranty.

The next month, the Shreibmans' property manager sent First Class a notice of lease default for failure to pay rent. Although additional payments were made after the notice of default, the payments were insufficient to cure the default or to satisfy the continuing rent obligation of First Class.

B.

The Shreibmans filed a complaint for possession and money damages against First Class and Mr. Harvell in the Chancery Court for Davidson County, Tennessee. First Class failed to answer, and on the Shreibmans' motion for default, the chancery court entered a default judgment against First Class for possession of the leased premises and on liability under the lease. The court reserved the issue of the damages to be awarded the Shreibmans.

Mr. Harvell did answer. To the Shreibmans' allegation that Mr. Harvell had executed a guaranty by which he unconditionally guaranteed the obligations of the lease, Mr. Harvell admitted that was "what the guaranty states, but that such guaranty was not unconditional and demand[ed] strict proof of same." Mr. Harvell also asserted what he characterized as "cross-claims" against Cedaneo Lee and Sonya Shirley, although neither were named as defendants. Among other things, Mr. Harvell alleged that he had been induced into executing the guaranty by Mr. Lee, an officer and shareholder of First Class, who falsely claimed that he also guaranteed the lease.

The Shreibmans moved for partial summary judgment against Mr. Harvell. They argued that Mr. Harvell was liable as a matter of law for all amounts due under the lease based on his guaranty. In support of their motion, they submitted the affidavits of Mr. Shreibman and an employee of the property manager for the shopping center and the default judgment against First Class. Mr. Shreibman's affidavit authenticated the deed

2

for the shopping center property and the assignment of the lease and guaranty. The affidavit of the property manager authenticated the lease and guaranty and detailed the payment defaults by First Class.

Mr. Harvell opposed the motion for partial summary judgment primarily on two grounds. First, he argued that his guaranty was conditional. According to Mr. Harvell, paragraph 1.19 of the lease required guaranties by Mr. Harvell and Ms. Shirley or only by Ms. Shirley. In other words, if Mr. Harvell guaranteed the lease, Ms. Shirley was required to guarantee the lease also. Because Ms. Shirley had not signed a guaranty, a condition to his guaranty obligation was unsatisfied. Second, he denied that First Class had defaulted under the lease.

The chancery court held that Mr. Harvell was liable to the Shreibmans under the guaranty for all amounts due under the lease. The court concluded that the phrase "and/or" in paragraph 1.19 of the lease meant that either Mr. Harvell or Ms. Shirley would guaranty the lease or both would. And Mr. Harvell's mere denial of a lease default was insufficient to create a genuine issue of material fact.

Following a hearing on damages, the court granted the Shreibmans a judgment against First Class and Mr. Harvell for $74,569.50 in unpaid rent. The court later awarded the Shreibmans attorney's fees and expenses of $55,445.25 and certified the judgment as final.[1] *See* Tenn. R. Civ. P. 54.02(1). From this decision, Mr. Harvell appealed.

## II.

On appeal, Mr. Harvell challenges only the determination that he is liable under the guaranty. As we perceive his arguments, Mr. Harvell claims that the Shreibmans' motion for partial summary judgment was not properly supported so the burden of production never shifted to him. He also claims, as he did in the court below, that the "intent of the guaranty was that both [he and Ms. Shirley] would be guarantors and not one."

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A trial court decision on summary judgment presents a question of law, which we review de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015), *cert. denied*, 136 S. Ct. 2452 (2016). Thus, we must "make a fresh

---

[1] Mr. Harvell's claims against Mr. Lee, Ms. Shirley, and First Class for indemnification remained unresolved.

3

determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*

## A.

The moving party has the burden of persuading the court that no genuine issues of material fact exist and that it is entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). If the moving party fails to satisfy that burden, the motion for summary judgment should be denied. *See id.* But if the moving party satisfies its burden, then the nonmoving party must demonstrate that there is a genuine, material factual dispute to avoid entry of summary judgment. *Id.*

Mr. Harvell submits that the Shreibmans failed to satisfy their initial burden of production because Mr. Shreibman's affidavit included "the mere conclusory statement[,] 'The lease was guaranteed by Emmett Harvell.'" And, according to Mr. Harvell, "[i]t is important to note that the [Shreibmans] were not present when [Mr. Harvell] allegedly signed as guarantor because the [Shreibmans] bought the building from the original lessor." Thus, the court had to "believe the affidavit of one person (Shriebman) [sic] who was not a party to the original contract making a mere conclusory statement that Harvell was a guarantor or it would believe the sworn affidavit by Harvell stating that [the] intent of the guaranty was that both [Mr. Harvell and Ms. Shirley] would be guarantors and not one."

One problem with Mr. Harvell's argument, among others, is that it ignores the other affidavit filed in support of the Shreibmans' motion for partial summary judgment. The Shreibmans also submitted the affidavit of an employee of the property management company that managed the shopping center at the time of the execution of the guaranty. It is through this affidavit that Mr. Harvell's guaranty was authenticated. *See Shipley v. Williams*, 350 S.W.3d 527, 564-65 & n.12 (Tenn. 2011) (Koch, J., concurring in part and dissenting in part) (noting that evidence, including the substance of affidavits, filed in "support or to oppose a motion for summary judgment must be admissible"). So the court did not err in considering Mr. Harvell's guaranty. *See id.* at 565 (stating that an abuse of discretion standard applies to decisions regarding the admissibility of evidence filed in support of or in opposition to motions for summary judgment).

## B.

Mr. Harvell's second argument is that his guaranty was conditional, that his guaranty is only valid if there is a coguarantor, namely Ms. Shirley. The argument is based on the language of paragraph 1.19 of the lease: "Contemporaneously with the execution and delivery of this Lease, Emmett Harvell and/or Sonya Shirley, the sole owners of Tenant, shall execute and deliver to landlord a Guaranty Agreement . . . ."

4

We agree with the chancery court's interpretation of paragraph 1.19 of the lease. "The literal sense of *and/or* is 'both or either,' . . . ." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 125 (2012). So in this instance, the language required Mr. Harvell to execute a guaranty, Ms. Shirley to execute a guaranty, or both Mr. Harvell and Ms. Shirley to execute guaranties. *See id.*

But we need not go beyond the terms of Mr. Harvell's guaranty to dispose of his second argument. In commercial transactions, a guarantor is "held to the full extent of his engagements," so in construing the guaranty, "the words of the guaranty are . . . taken as strongly against the guarantor as the sense will admit." *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 804-05 (Tenn. 1975). Here, Mr. Harvell gave an unconditional or absolute guaranty of First Class's obligations under the lease.

An absolute guaranty is a guaranty whereby the guarantor agrees to answer for the debt of the debtor, notwithstanding the occurrence or nonoccurrence of any event either within or not within the contemplation of the parties at the time the guaranty is executed. The creditor that takes an absolute, unconditional guaranty will be able to require that the guarantor perform, notwithstanding the existence of the primary obligor's defense to performance of the primary obligor's contract with the creditor. A creditor may take immediate action against the guarantor upon the fact that other remedies are available. Any credits or setoffs the creditor receives that are beyond the scope of the guaranty agreement are not effective to discharge a guarantor's obligation. Additionally, an unconditional guarantor is still liable where the obligee impairs the collateral.

PETER A. ALCES, THE LAW OF SURETYSHIP AND GUARANTY § 1:4, Westlaw (database updated June 2018) (footnotes omitted).

Because he gave an unconditional guaranty, Mr. Harvell cannot now complain that the lease required a coguarantor. He agreed to answer for the debt of First Class notwithstanding the nonoccurrence of any event.

### III.

The Shreibmans request an award of attorney's fees and expenses incurred on appeal under Tennessee Code Annotated § 27-1-122 (2017), which authorizes an award of damages for a frivolous appeal, and the fee shifting provisions of the lease and guaranty. In determining whether such an award is appropriate, we look first to the contractual authority for the request. *See Eberbach v. Eberbach*, 535 S.W.3d 467, 478 (Tenn. 2017) (observing that, in the context of a post-divorce proceeding, "our courts should look to the parties' contract first before moving on to any discretionary analysis under statutes such as section 36-5-103(c) and section 27-1-122").

5

Although both the lease and guaranty include provisions permitting the recovery of attorney's fees and expenses, we conclude that the Shreibmans are entitled to an award of attorney's fees and expenses incurred in this appeal only under the guaranty. The applicable lease provision obligates the "Tenant," defined as First Class, "to pay Landlord reasonable attorneys' fees and costs." But under the guaranty, Mr. Harvell must "pay to Landlord on demand, all expenses (including, without limitation, reasonable attorneys' fees and disbursements and court costs) of, or incidental to, or relating to the enforcement or protection of Landlord's rights hereunder or under the Lease." So we grant the Shreibmans attorney's fees and expenses incurred on appeal.

Even though we conclude an award of attorney's fees and expenses incurred on appeal is mandated under Mr. Harvell's guaranty, we must also review the claim for fees and expenses under Tennessee Code Annotated § 27-1-122. *See id.* at 479. The statute authorizing an award of damages for frivolous appeals "must be interpreted and applied strictly so as not to discourage legitimate appeals." *See Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977) (citing the predecessor to Tennessee Code Annotated § 27-1-122).

We find this appeal to be frivolous. A frivolous appeal is one "utterly devoid of merit," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or that has "no reasonable chance of success," *Davis*, 546 S.W.2d at 586. As our supreme court has observed, "[An] appeal is recognizable on its face as devoid of merit [when i]t presents no justiciable questions—neither debatable questions of law nor findings of fact not clearly supported." *Davis*, 546 S.W.2d at 586. Such is the case here.

## IV.

Because his guaranty was unconditional, we affirm the chancery court's judgment against Mr. Harvell. We also grant the Shreibmans' request for attorney's fees and expenses incurred on appeal. This case is remanded to the chancery court for a determination of the appropriate amount of attorney's fees and expenses incurred on appeal and for such further proceedings as may be consistent with this opinion.

_____
W. NEAL McBRAYER, JUDGE

6