



**FILED**
**Nov 15, 2022**
**02:21 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Reazkallah Abdelshahaed | ) Docket No.  2021-05-0273 |
| | ) |
| v. | ) State File Nos. 800173-2021 |
| | ) 30144-2021 |
| Taylor Fresh Foods, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

---

### Affirmed and Certified as Final

---

In this appeal, the employee questions the trial court's conclusion that he is not entitled to workers' compensation benefits for his alleged knee injury. The employee claims he injured his knee after a supervisor pushed him, causing him to fall. Following a compensation hearing, the trial court concluded the employee offered no evidence that he suffered an injury arising primarily from his employment and, thus, denied the employee's claim for workers' compensation benefits. The employee has appealed. We affirm the trial court's decision, conclude the employee's appeal is frivolous, and certify the trial court's compensation order as final.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Reazkallah Abdelshahaed, LaVergne, Tennessee, employee-appellant, pro se

Peter S. Rosen, Nashville, Tennessee, for the employer-appellee, Taylor Fresh Foods, Inc.

### Memorandum Opinion[1]

A recitation of the full history of the litigation is not necessary to address the present appeal, but we have, for context, set out portions of the factual and procedural

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

1

background from our earlier opinion following the employee's appeal of a November 29, 2021 expedited hearing order of the Court of Workers' Compensation Claims.

Reazkallah Abdelshahaed ("Employee") alleges he was assaulted by a supervisor on October 16, 2020, while in the course and scope of his employment with Taylor Fresh Foods, Inc. ("Employer"). Specifically, Employee alleges a supervisor told him to go home and pushed him, resulting in his falling and injuring his knee.

Following the alleged incident, Employee called the police. Officer M.W. Richert with the Smyrna Police Department completed an incident report detailing a conversation with Employee and Employee's son, who translated for Employee. The incident report noted that Employee claimed his supervisor "shoved him while telling him to go home and [made] him cry." Officer Richert was unable to speak with Employee's supervisor, Carmin Colon, as she had already left work for the evening. However, the officer obtained additional statements from two witnesses who observed the incident, Hayder Alhashemi and Ahmed Hussain. According to Officer Richert, both witnesses stated Ms. Colon "never touched [Employee] or pushed him in any way . . . [and] anytime anyone upsets [Employee] for any reason he makes a complaint to their human resources office." Before releasing Employee from the scene, Officer Richert explained the process for Employee to attempt to seek warrants against Ms. Colon for the alleged assault, but there is no indication in the record that Employee ever followed up in this regard.

Employer terminated Employee on November 9, 2020, citing his alleged "[v]iolation of company policies including failure to follow valid work instructions, engaging in emotional outbursts and creating disruption to the workplace, unsafe behaviors, and unprofessional conduct towards staff." Approximately four months later, Employee filed a petition for workers' compensation benefits, and, following an unsuccessful mediation, a dispute certification notice was issued in June 2021. Thereafter, Employee filed a request for hearing in which he indicated he was not seeking an in-person evidentiary hearing pursuant to Tenn. Comp. R. and Regs. 0800-02-21-.15(1)(e). Employer filed a response, stating it would prefer an in-person hearing with witnesses; however, the trial court determined Employer's objection was insufficient to support a denial of Employee's request. As a result, the trial court considered this case on the record without an evidentiary hearing.

The trial court identified the materials it considered in its review, including Employee's Rule 72 declaration and four "work status reports"

2

submitted by Employee, the earliest of which was dated August 6, 2020, approximately two months prior to the date of Employee's alleged injury. Two of the reports noted a preliminary diagnosis of "right knee strain," and the remaining two identified "bilateral knee" as the preliminary diagnosis. The court also considered four written statements of Employee's co-workers and Officer Richert's report.

The trial court noted that Employee's version of events was "contradicted by several written statements, as well as the police report." In addition, the court determined that the medical records filed by Employee failed to support his assertion that he suffered an injury on October 16, 2020. As a result, the trial court denied Employee's request for medical and temporary disability benefits.

*Abdelshahaed v. Taylor Fresh Foods, Inc.*, No. 2021-05-0273, 2022 TN Wrk. Comp. App. Bd. LEXIS 8, at *1-4 (Tenn. Workers' Comp. App. Bd. Feb. 16, 2022) (footnote omitted).

In that earlier appeal, we affirmed the trial court and remanded the case. *Id.* at *6. Following our remand, the parties entered an agreed scheduling order, and, after an unsuccessful mediation, a dispute certification notice was filed in August 2022. Thereafter, the trial court held a compensation hearing to determine whether Employee was entitled to medical and disability benefits. Employee did not appear for the compensation hearing, request a continuance, or advise the trial court of a conflict with the date of the compensation hearing; as a result, the trial court conducted the hearing without him. On August 31, 2022, the court issued an order denying benefits after concluding Employee submitted no medical proof that his injury arose primarily out of his employment. In its order, the court noted that Employee did not file a witness list, exhibit list, or expert deposition prior to the hearing. Further, Employee did not testify at the hearing and neither party offered any medical proof at trial.

Employee is self-represented in this appeal, as he was in the trial court and previous appeal. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

3

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In his notice of appeal, Employee asserts that he was assaulted by a supervisor. It is also his position that the witness statements submitted by Employer were from witnesses who were not present at the alleged incident and who were hostile to him because of different religious ideologies. Employee also claims that the investigating police officer failed to communicate with Employee's supervisor and did not request video of the incident. In addition, Employee references a previous alleged assault, his termination from employment, and treatment for an arthritic condition he believes was due to work duties, all without citing to any evidence in the record. In short, Employee has not identified any appealable issues in his notice of appeal, has not filed a brief, and has not explained how he believes the trial court erred. As such, we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

Moreover, Employee did not file a transcript or a statement of the evidence. Thus, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court." *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016). Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Lastly, in its brief on appeal, Employer asks that we find Employee's appeal to be frivolous. A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978); one that has no reasonable chance of succeeding, *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977); or one that is brought solely for delay, *Yarbrough v. Protective Servs. Company, Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 25, at *14-15 (Tenn. Workers' Comp. App. Bd. May 27, 2016). *See also* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2020). As the Tennessee Supreme Court noted in *Davis*, a frivolous appeal is "recognizable on its face as devoid of merit" if the appeal "presents no justiciable questions." *Davis*, 546 S.W.2d at 586. Employee's appeal presents no justiciable questions, as he has failed to raise any

4

reviewable issues on appeal, cite to any evidence in the record in support of his position, or provide us with any legal argument. Thus, we conclude the appeal is frivolous. However, we exercise our discretion not to award attorneys' fees or other expenses for Employee's frivolous appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.09(4) (2020).

For the foregoing reasons, we affirm the decision of the trial court and certify it as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Reazkallah Abdelshahaed | ) | Docket No. 2021-05-0273 |
| | ) | |
| v. | ) | State File Nos. 800173-2021 |
| | ) | 30144-2021 |
| Taylor Fresh Foods, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of November, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Reazkallah Abdelshahaed | X | X | | X | reazkallahabdelshahaed@yahoo.com 456 Cedar Park Circle Lavergne, TN, 37086 |
| Peter S. Rosen | | | | X | prosen@vkbarlaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov